

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

EMILY WADE,

Plaintiff,

v.

ROPER INDUSTRIES, INC., GATAN, INC., and DOES 1 through 100, inclusive,

Defendants.

Case No. 13-cv-03885 NC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 14

This is an action alleging wrongful termination and retaliation. Defendant Gatan, Inc. moves to dismiss plaintiff Emily Wade's First Amended Complaint in its entirety. Dkt. No. 14. Gatan argues that Wade fails to allege a statutory basis for her wrongful termination claim, and that she fails to allege facts demonstrating that Wade engaged in protected activity or that Gatan knew about that protected activity. Wade asks the Court to stay consideration of this motion until the Court determines whether this case should be transferred to the Eastern District of California, where a possibly related matter is being litigated. Wade also asks the Court to stay the case to allow her to pursue an appeal of the Superior Court's judgment against her on several claims from her original complaint. In the

alternative, Wade argues that her first amended complaint adequately alleges wrongful termination in violation of public policy by Gatan. For the reasons set forth below, the Court denies Wade's requests to stay and grants defendant Gatan's motion to dismiss the First Amended Complaint with prejudice.

## I. BACKGROUND

On February 10, 2012, Emily Wade filed a complaint in Alameda County Superior Court, alleging that her former employer, defendant Gatan, Inc. violated California state employment law. Dkt. No. 16-1.[1] Specifically, the complaint alleged that Gatan wrongfully terminated Wade in violation of public policy and that Gatan violated the California Fair Employment and Housing Act, Labor Code § 1102.5(c), and California Labor Code § 970. *Id.* Wade alleged that Gatan fired her in retaliation for complaining about sexual harassment by her superior, and in retaliation for engaging in protected activity related to X-ray safety. *Id.*

The Superior Court granted summary adjudication in favor of Gatan on May 14, 2013, regarding the state statutory causes of action, but denied Gatan's motion with regard to the wrongful termination in violation of public policy tort claim.[2] Dkt. No. 16-2. In granting summary adjudication of the FEHA claim, the court found that Gatan "proffered a legitimate, nonretaliatory reason for its termination of Plaintiff, i.e., her violation of Gatan's zero tolerance sexual harassment policy" and that Wade "failed to provide 'substantial responsive evidence' that Gatan's proffered reason for her termination was untrue or pretextual." *Id.* at 2. In granting summary adjudication of the second cause of action for retaliation in violation of Labor Code § 1102.5(c), the court found that Wade's "alleged whistleblowing activities fall within her general job duties," and were not actionable. The court further found that even if complaining about alleged safety violations constituted

[1] The Court takes judicial notice of this case's prior proceedings in Alameda County Superior Court. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (noting that courts may take judicial notice of matters in the public record).

[2] In that order, the state court also granted defendant Roper's motion for summary judgment on all causes of action, and therefore Roper is no longer a party in this action.

protected activity, "Plaintiff did not make any such complaints to Gatan's management." *Id.* at 4.

With only the wrongful termination in violation of public policy claim remaining, Gatan filed a motion for judgment on the pleadings. Dkt. No. 16-3. The Superior Court granted the motion on June 24, 2013, but left leave to amend for Wade to "identify the specific statutory or constitutional provision(s) that provide the basis for the Fourth Cause of Action … and to clearly allege facts demonstrating how Plaintiff's termination violated these provision(s)." *Id.* at 2. The court noted that Wade could "assert 31 U.S.C. 3730(h) and Gov. Code 12653 as a basis for this claim, along with facts demonstrating how Gatan violated these provisions." *Id.*

On July 24, 2013, Wade filed an amended complaint that realleged her fourth cause of action for wrongful termination in violation of public policy, as well as a fifth cause of action for retaliation in violation of California Government Code § 12653, and a sixth cause of action for retaliation in violation of 31 U.S.C. § 3730(h). Dkt. No. 1-6. On August 22, 2013, Gatan removed the case to federal court on the basis of federal question jurisdiction. Dkt. No. 1. Shortly thereafter, Gatan filed the instant motion to dismiss. Dkt. No. 14. The court heard oral argument on October 9, 2013. Dkt. No. 31.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. Request to Stay

In her opposition to Gatan's motion to dismiss, Wade asks the Court to stay consideration of the motion pending a determination of whether this action is related to an action in the Eastern District of California. Dkt. No. 25 at 11. Wade also urges the Court to stay consideration of the motion pending a hypothetical appeal of the Superior Court's order granting summary adjudication of her state statutory causes of action. *Id.* at 12. Wade cites no legal authority suggesting the Court must or should stay consideration of the motion under either theory, and the Court declines to do so.

#### i. Stay Pending Transfer

Although Wade points to Local Civil Rule 3-12 as giving authority to the Court to refer the case to the Eastern District for relation, the local rule applies to related cases pending before different judges within the Northern District of California. *See* Civil L.R. 3-12(b) (requiring parties to notify the Court when an action "filed in or removed to *this district* is (or the party believes that the action may be) related to an action which is or was pending in *this District* as defined in Civil L.R. 3-12(a)) (emphasis added).

Even if the Court could refer the case to the Eastern District of California, the Court would not do so. The local rules define an action as related when "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Wade has not demonstrated that allowing the cases to proceed separately will burden the parties, and the Court finds that judicial resources will not be saved by transferring.

#### ii. Stay Pending Appeal

As for stay pending a state court appeal, Wade has not alleged that she has appealed

the Superior Court's earlier ruling granting partial summary adjudication, nor that she is legally entitled to do so. In order to immediately appeal an order granting partial summary adjudication, the appellant must, "within 20 days after service upon him or her of a written notice of entry of the order, petition an appropriate reviewing court for a peremptory writ." Cal. Civ. Proc. Code § 437c(m)(1). Otherwise, an order granting partial summary adjudication is "generally reviewable on appeal from the final judgment in the action." *Jennings v. Marralle*, 8 Cal. 4th 121, 128 (1994). Nor is an order granting a motion for judgment on the pleadings normally appealable without a final judgment. *Little v. Mountain View Dairies*, 35 Cal. 2d 232, 234 (1950) ("It is settled that an order granting a motion for judgment on the pleadings is not final or appealable, and that it is only from the subsequently entered judgment that an appeal will lie."); *see also In re Clergy Cases I*, 188 Cal. App. 4th 1224, 1234 (2010) ("If no issues in the action remain for further consideration, the decree is final and appealable. But if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory.").

Wade has not alleged that she requested a peremptory writ to appeal the Superior Court's order granting summary adjudication of her statutory causes of action. She has also not alleged that there is a final judgment in her state court case. The May 14, 2013, order granting summary adjudication as to Wade's three state statutory claims did not resolve all of her claims, and was interlocutory. Therefore, it would appear that appeal of the Superior Court's May 14, 2013, is not yet possible, and the Court will not stay consideration of the current motion to dismiss.

**B. Preclusive Effect of State Court Proceedings**

Gatan argues that the Alameda County Superior Court's previous rulings should preclude Wade from re-litigating whether she was wrongfully terminated, because the court there found that Wade did not complain about any safety violations. The Court agrees that it must give preclusive effect to the Superior Court's ruling, but finds the court's crucial holding to be that Gatan "proffered a legitimate, nonretaliatory reason for its termination of Plaintiff," which Wade failed to show was pretextual.

When a prior judgment is rendered by a state court, "the state judgment is given the same issue preclusive effect in federal court as it would have in the courts of the rendering state. Thus state rules of issue preclusion control." *Haphey v. Linn Cnty.*, 924 F.2d 1512, 1515 (9th Cir. 1991) (internal citation omitted), *on reh'g en banc*, 953 F.2d 549 (9th Cir. 1992). California courts apply the doctrine of issue preclusion, otherwise known as collateral estoppel, only if five requirements are met. "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990) (internal citations omitted).

Here, the first element for issue preclusion is satisfied because the issue sought to be precluded from relitigation is identical to that already decided by the state court, namely, whether Gatan had a nonretaliatory and nonpretextual reason for terminating Wade.

Second, the issue was actually litigated in the state court. The Superior Court determined that Gatan had a nonretaliatory reason for terminating Gatan, which she did not show was pretextual. The court cited the evidence presented by the parties and explained its reasoning in the May 14, 2013, opinion.

Third, the issue was necessarily decided because in any wrongful termination case a plaintiff must show that a "causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).

The fourth element is satisfied because although no final judgment was issued in the state court action, the issue of whether a causal link existed between Wade's alleged protected activity and Gatan's termination of Wade was a final decision on the merits. *Border Bus. Park, Inc. v. City of San Diego*, 142 Cal. App. 4th 1538, 1564 (2006) ("[F]or purposes of issue preclusion, as opposed to res judicata, 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be

accorded conclusive effect."). The court granted summary adjudication as to Wade's state statutory claims because of its finding that Gatan had a nonretaliatory, nonpretextual reason for terminating Wade, and the court did not grant leave to amend those claims. That order is sufficiently firm to have preclusive effect. *See Sec. People, Inc. v. Medeco Sec. Locks, Inc.*, 59 F. Supp. 2d 1040, 1045 (N.D. Cal. 1999), *aff'd*, 243 F.3d 555 (Fed. Cir. 2000) (finding that for purposes of collateral estoppel, "[a] disposition by summary judgment is a decision on the merits, and it is as final and conclusive as a judgment after trial."); *Nnachi v. City of San Francisco*, 10-cv-00714 MEJ, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010), *aff'd sub nom.*, *Nnachi v. City & Cnty. of San Francisco*, 467 F. App'x 644 (9th Cir. 2012) (finding that for preclusion purposes, "[d]ismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits.").

Fifth and finally, Wade and Gatan were both parties in the state court action, and are both parties here.

Because all of the elements are satisfied, the Court gives preclusive effect to the Alameda County Superior Court's finding that Gatan "proffered a legitimate, nonretaliatory reason for its termination of Plaintiff, i.e., her violation of Gatan's zero tolerance sexual harassment policy," which Wade failed to show was untrue or pretextual.

**C. Wade's Wrongful Termination Claim Is Issue Precluded**

Wade alleges that she was wrongly terminated in violation of public policy. The Court finds that this claim is precluded, because the Superior Court's finding that Gatan had a nonretaliatory and nonpretextual basis for terminating Wade is fatal to her claim.

In California, cases alleging the tort of wrongful termination in violation of public policy fall into four categories: "the employee (1) refused to violate a statute; (2) performed a statutory obligation; (3) exercised a constitutional or statutory right or privilege; or (4) reported a statutory violation for the public's benefit." *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 76 (1998). Regardless of category, every plaintiff alleging wrongful termination in violation of public policy must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link

existed between the protected activity and the employer's action." *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1108-09 (2007). Once the employee has made this prima facie showing, "the burden shifts to the employer to provide evidence that there was a legitimate, nonretaliatory reason for the adverse employment action. *Id.* If the employer meets that burden, "the burden shifts back to the employee to provide substantial responsive evidence that the employer's proffered reasons were untrue or pretextual." *Id.*

Here, the parties expend great energy debating whether Wade has engaged in activity protected by some public policy that is derived from constitutional or statutory authority. Wade argues that a number of statutes, including the California and federal False Claims Act, set forth important public policy and therefore provide a basis for her tort.[3] Gatan argues that because the state court found that Wade never complained about any safety violations to Gatan management, she therefore cannot allege that she engaged in protected activity. Wade retorts that a complaint to management is not necessary, because she has alleged that she was expected to violate the law as a condition of her employment, and was terminated for refusing to do so. Both parties have missed the mark.

The Court finds that Wade has not alleged any facts supporting her argument that she was asked or implicitly expected to violate the law, or that she was terminated because of her refusal to do so. However, even if she had alleged such facts, her claim fails because the Court must give preclusive effect to the Superior Court's finding on summary adjudication that no causal connection existed between Wade's alleged protected activity and her termination. *See Murray v. Alaska Airlines, Inc.*, 400 F. App'x 233, 234 (9th Cir. 2010) (holding that the state administrative body's finding on causation was entitled to preclusive effect and that plaintiff "thus cannot establish an essential element of his claims."). Causation is a necessary element of any wrongful termination claim, regardless of what statutory or constitutional authority Wade relies upon in establishing protected activity. The issue has already been litigated on the merits, and the state court's holding

[3] Although Wade alleges retaliation in violation of the California and Federal False Claims Act as separate claims, the Superior Court granted leave to amend only her claim for wrongful termination in violation of public policy, for which the False Claims Act could serve as a statutory basis.

was that Gatan had a nonretaliatory reason to terminate Wade, and Wade provided no evidence that the reason was pretextual. Dkt. No. 16-2 at 2. No amendment or addition of factual allegations can overcome the preclusive effect of the state court's prior decision. *See Ann v. Tindle*, 07-cv-02031 MHP, 2007 WL 2317623, at *5 (N.D. Cal. Aug. 10, 2007), *aff'd*, 321 F. App'x 619 (9th Cir. 2009) (leave to amend denied as futile due to preclusion). Therefore, the Court grants Gatan's motion to dismiss Wade's remaining wrongful termination claims with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants Gatan's motion to dismiss Wade's First Amended Complaint, Dkt. No. 1-6, in its entirety with prejudice. The Clerk of Court is directed to terminate this action, and the Court will issue a final judgment.

IT IS SO ORDERED.

Date: December 20, 2013

Nathanael M. Cousins
United States Magistrate Judge